**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SHEENA ADMIRAL, et al.,

    Plaintiffs,

        v.

HILTON SCRANTON & CONFERENCE
CENTER, et al.,

    Defendants.

CIVIL ACTION NO. 3:08-CV-0287

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Getaway Weekend Vacations, Inc. d/b/a Adventures Unlimited's ("Getaway") motion to dismiss Plaintiffs' Complaint.  (Doc. 17.)  On February 14, 2008, Plaintiffs Sheena Admiral, Pauline Barnwell, Tracey Barnwell, Juan Barrow, Kisha Bell, Mary Bolds, Michael Bowen, Doreen K. Broaddus, Gregory Broaddus, Elliot Broaster, Kevin Brooks, Sammie Brooks, Leatha Butts, Ronald Butts, Lawrence Chriswell, Ducrae Clements, Ronald Coleman, Rasheda Daniels, Aliza Douglas, Charles Douglas, Lonzo Edwards, Marla D. Gamble, Terry Gaskins, Darlene Gatling, Edward Gatling, Lachanta Gatling, Willie Glover, Patrick Grant, Rhonda Grant, Tracy Harrell, Dory E. Harris Sr., Christine Jones-Combs, Kameel Jones, Kenneht Jones, Kimm Jones, Shacaveya Jones, Shannon Jones, Jamil Kellum, Jeffrey Lawry, Michelle Mixson, Edward Morris, Aisha Nalley, Tamika D. Nalley, James Nesmith, Rasheed Odrick, Garrett Pleasant, Rodney Richardson, Alfonso Robinson, Dyanne Robinson, Junious Samuels, Gregory Sanford, Jade Sanford, Michelle Sanford, Cheryl Saunders, Wyanet Shareef, Jamie Shelle, Raymond Simmons, Brenda L. Smith, Deron Smith, Dane Taylor, Lamar Thomas, Shawn Thomas, Latonya Upshur, Kyle Watts, Rogers White, Cheryl Williams,

Ebony Williams, and Mark Williams filed their Complaint against Defendants Getaway and the Hilton Scranton and Conference Center ("Hilton"). (Doc. 1.) On June 25, 2008, Defendant Getaway filed a motion to dismiss the Plaintiffs' Complaint. (Doc. 17.)

Local Rule 7.6 requires that "[a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after services of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

Although the deadline for filing an opposing brief has passed, Plaintiffs have neither filed a brief in opposition to Defendant Getaway's motion, nor have Plaintiffs requested an extension of time in which to do so. In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not simply be granted because it is unopposed. Because the Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." *Stackhouse*, 951 F.2d at 30.

Based on Plaintiffs' failure to take any action in response to Defendant Getaway's

motion, it would appear that Plaintiffs may have abandoned interest in pursuing this matter.  However, the Court will grant additional time for the Plaintiffs to respond to the motion and direct them to respond within fifteen (15) days.  If Plaintiffs fail to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of this Order, the Court will consider the motion to dismiss unopposed and grant dismissal without a merits analysis.  Moreover, upon failure of Plaintiffs to oppose the Defendant's motions, the Court may consider dismissing this case for failure to prosecute and failure to comply with a court order under FED. R. CIV. P. 41(b).

   **NOW,** this 5th  day of August, 2008, **IT IS HEREBY ORDERED THAT** Plaintiffs shall respond to Defendant's Motions to Dismiss (Docs. 17) within fifteen (15) days of the date of this Order.  If Plaintiffs fail to timely oppose the Motion or otherwise communicate with the Court, the Court will grant the unopposed Motion to Dismiss without a merits analysis, and the Court will also consider dismissing the case for failure to prosecute and failure to comply with a court order under FED. R. CIV. P. 41(b).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge