# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEENA ADMIRAL, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-287 |
| v. | (JUDGE CAPUTO) |
| HILTON SCRANTON & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d\b\a ADVENTURE UNLIMITED, | |
| Defendants, | |
| LIKISHA BRADDY-ROBINSON, et al., | |
| Plaintiffs, | CONSOLIDATED CASE |
| v | CIVIL ACTION NO. 3:08-CV-286 |
| HILTON SCRANTON & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d\b\a ADVENTURE UNLIMITED, | (JUDGE CAPUTO) |
| Defendants | |
| JACKIE DAY, et al., | |
| Plaintiffs, | |
| v. | |
| HILTON SCRANTON & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d\b\a ADVENTURE UNLIMITED, | |
| Defendants | |
| v. | |
| SHEILA GOODSON | |
| Third Party Defendant | |

**MEMORANDUM**

Presently before the Court are Defendant Hilton Scranton & Conference Center's ("Hilton Scranton") Motions for Summary Judgment in the above captioned cases. Since the Motions for Summary Judgment, the Briefs, and the Statements of Fact are identical in both cases, for convenience all of the Court's references will be to the docket for *Admiral, et al. v. Hilton Scranton & Conference Center*, Case No. 3:08-cv-287. For the reasons stated below, Defendant's Motions for Summary Judgment will be granted in part and denied in part. Summary judgment will be granted for the Defendant as to Count I (Intentional Infliction of Emotional Distress), Count III (§ 1983 claims), and Count IV (42 U.S.C. § 2000a claims), but not as to Count II (42 U.S.C. § 1981 claims).

**BACKGROUND**

The instant suit stems from a ski trip which took place at the Hilton Scranton February 17-19, 2006. These trips had been arranged between Defendant and Getaway Weekend Vacations ("Getaway") the prior summer. Getaway operates its vacations by selling the trips to individuals, known as "group leaders," who then sell the same trip to others, in exchange for discounts and other benefits for the leaders. Around November 9, 2005, Plaintiffs Gregory and Michelle Sanford entered into an agreement with Getaway to be group leaders for a ski trip to the Woodlands Inn and Resort ("Woodlands") which was to take place February 17-19, 2006. This trip was sold to around 80 (eighty) people. Around December 2005, Plaintiffs Sheila Goodson and Marshina McCrea entered into a similar agreement for a ski trip to the Woodlands to take place the same weekend. That trip was sold to approximately 38 (thirty-eight) people. The group leaders of both groups

2

were informed on February 15, 2006 that the Woodlands would not be able to accommodate the Plaintiffs and, after some discussion, the leaders from both groups decided to have their trips at the Hilton Scranton. As a result, approximately 118 (one-hundred and eighteen) guests, which comprised the Sanford and Goodson\McGrea groups, were relocated to the Hilton Scranton. Upon arriving at the Hilton Scranton, Plaintiffs have testified that they were subjected to a series of discriminatory actions on the part of the Hilton Scranton on the basis of the fact that the Plaintiffs were African-American. The actions to which the Plaintiffs claim they were subjected include: a laborious check-in procedure in which Plaintiffs were forced to wait in a long check-in line and sign waivers that Caucasian guests didn't have to sign; being continually watched and monitored by members of the staff throughout the weekend; being denied adequate food and beverage and other hotel amenities; having the venue for a party that was planned changed for the sake of a function attended primarily by Caucasian guests; having the police called because of a complaint of an alleged "fight" without a proper investigation by hotel staff and in contravention to hotel policy; having the Hilton Scranton refuse to store their luggage; and being subjected to a long and humiliating check-out process to which Caucasian guests were not subjected. Hilton Scranton contends that the Plaintiffs were not treated any differently from Caucasian guests of the hotel and that, while Plaintiffs may have had a bad ski trip, no federal laws were violated.

After filing a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in August 2007 and then receiving their Notice of Rights by the EEOC, the Plaintiffs filed three Complaints against Hilton Scranton and

Getaway. On September 24, 2008, Amended Complaints were filed by the Plaintiffs. (Doc. 41.) Hilton Scranton filed a Motion to Consolidate all three cases on December 23, 2008 (Doc. 48) and the *Braddy-Robinson* and *Day* cases were consolidated. Owing to separate contractual issues between Plaintiffs and Getaway, however, the *Admiral* case was not included in the consolidation. Hilton Scranton filed its Motions for Summary Judgment on April 19, 2010. (Doc. 67.) On November 24, 2010, by Stipulation and Order, all claims asserted by Plaintiffs against Getaway and all cross-claims asserted by Getaway against Hilton Scranton, were dismissed with prejudice. (Doc. 91.) Hilton Scranton's Motions for Summary Judgment have been fully briefed by both sides and are ripe for review.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

4

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

**I.     The Intentional Infliction of Emotional Distress Claims**

Judgment as a matter of law will be granted to Hilton Scranton as to Plaintiffs' Intentional Infliction of Emotional Distress Claims.

"To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and dangerous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Hoy v. Angelone,* 456 Pa.Super. 596, 691 A.2d 476, 482 (1997). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possibly bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Strickland v. Univ. of Scranton,* 700 A.2d 979, 987 (Pa.Super.Ct.1997). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Id.* Furthermore, "in order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury." *Hart v. O'Malley,* 436 Pa.Super. 151, 647 A.2d 542, 554 (1994); *see also Mann v. Brenner,* No. 1:06-cv-1715, 2008 WL 4491950, at *7 (M.D.Pa. Sept. 30, 2008).

Here, Plaintiffs' have failed to make out essential elements of their claims of intentional infliction of emotional distress, and Hilton Scranton is entitled to judgment as a matter of law.  The bar for such claims is very high, and Plaintiffs have failed to put forth any evidence that the alleged behavior of the Hilton Scranton was "extreme and

6

dangerous", under the second prong of the *Hoy* test, or that the distress was "severe," meaning the Plaintiffs suffered physical injury, under the fourth prong of that test. While many of the Plaintiffs have testified in their Depositions to a number of very unpleasant and emotionally taxing incidents through the course of their stay at the Hilton Scranton, there is no evidence that has created a genuine issue of fact for trial as to Plaintiffs' claims for intentional infliction of emotional distress, and the Hilton Scranton will be granted judgment as a matter of law with respect to this Count of Plaintiffs' Complaints.

**II.    42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under § 1983, a plaintiff must show that the defendants "1) were state actors who 2) violated his rights under the Constitution or federal law." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-70 (3d Cir. 2004) (internal citation omitted).

§ 1983 requires a defendant to act under the "color of state law" in order to ensure that the civil rights protections guaranteed by the statute applies only to government actors, who can be held liable for infringing them. The requirement prevents private entities from becoming subject to § 1983 liability unless they engage in conduct fairly attributable to the state. *Mauro v. Beil*, 213 F. App'x 131, 132 (3d Cir. 2007). To

7

determine whether there is state action by a private individual sufficient to trigger § 1983, three tests have been developed by the United States Supreme Court: (1) the "public function" test, *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); (2) the "symbiotic relationship" test, *Burton v. Wilimgton*, 365 U.S. 715 (1961); and (3) the "close nexus" test, *Jackson v. Metro. Edison Co.*, 429 U.S. 345 (1974). However, without delving into the details of these three tests, the *sin qua non* of such a determination is "whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir. 1984).

Here, the Hilton Scranton did not become a state actor for purposes of § 1983 simply by calling the police after getting a complaint from another guest about a fight. No evidence has been advanced demonstrating any sort of formal procedure or relationship between the Hilton Scranton and the police department such that the Hilton Scranton was "draped" in the power of the state. Therefore, summary judgment will be granted for Hilton Scranton as to this Count of Plaintiffs' Complaints.

### III.    42 U.S.C. § 2000a Claims

Judgment as a matter of law will be granted for Defendants as to 42 U.S.C. § 2000a claims.

42 U.S.C. § 2000a states:

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

However, "when a plaintiff brings an action under [Title II], he cannot recover

damages." *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1968). Here, Plaintiffs have not sought injunctive or declaratory relief, but only damages. As a result, Hilton Scranton is entitled to judgment as a matter of law on this Count of Plaintiffs' Complaints.

### IV. 42 U.S.C. § 1981 Claims

Hilton Scranton's Summary Judgment Motion as to Plaintiffs' 42 U.S.C. § 1981 claims will not be granted.

42 U.S.C. § 1981 states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"To establish a right to relief under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) 'an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in' § 1981." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 218 F.3d 548, 569 (3d Cir. 2002) (internal citation omitted). In the absence of direct evidence of discrimination, once plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the defendant's conduct. The burden then shifts once again to the plaintiff to demonstrate that the defendant's articulated nondiscriminatory reason was a pretext for discriminatory conduct. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Pretext can be shown either directly, by showing that a discriminatory reason more likely motivated the defendant, or indirectly, by

9

demonstrating that the proffered explanation for the conduct is not worthy of credence. *See*, *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994).

Here, Plaintiffs have established their prima facie case in asserting that they are members of a racial minority, i.e. they are all African-American, and that they were discriminated against by being treated worse than the Caucasian guests of the Hilton Scranton in a series of incidents because they were African-American. These incidents include: (1) a laborious, and multi-hour check-in process that Caucasian guests were not subjected to; (2) continual surveillance and monitoring of a number of the Plaintiffs by hotel staff; (3) having the police called on Plaintiffs for no reason and then being abandoned by the hotel to deal with the police by themselves; (4) having their planned events shuffled around to accommodate Caucasian guests and being served sub-standard food and refreshments; (5) not being allowed to have their luggage checked while they waited for their departure; and (6) an extended check-out to which Plaintiffs were subjected that Caucasian guests were not subjected.

The burden then shifts to the Hilton Scranton to articulate a legitimate, non-discriminatory reason for the conduct in question. The Hilton Scranton contends that the African-American Plaintiffs were not treated any differently than similarly situated Caucasian guests. Regarding the incidents cited above, the Hilton Scranton has presented evidence that: (1) the waiver and ID procedures required of Plaintiffs at check-in were because Plaintiffs paid through Getaway, not directly through the hotel, as did the Caucasian guests referenced by Plaintiffs; (2) monitoring the guests and the hotel facilities is a basic part of the staff's job, and the staff is required to monitor and maintain awareness of all guests; (3) the police were called in response to complaints by other guests of the hotel; (4) the food and refreshments provided for Plaintiffs by the Hilton

10

Scranton were the same ones that would have been provided to any guests that had signed up for the package that Plaintiffs had; and (5) the check-out procedures were routine and were followed by all guests of the hotel.

In the burden shift back to Plaintiffs, they have put forth sufficient evidence to survive summary judgment that the Hilton Scranton's nondiscriminatory reasons are pretextual. As an example, Plaintiffs have shown, from the Hilton Scranton's procedural manual, that the police are not to be called unless there is a "justifiable cause." The fact that these words are in bold type and underlined would make it appear that this is a course of action not to be invoked lightly or without sufficient reason. Since the police were called after a guest complained about a "fight" without investigation on the part of the hotel and after tensions had been mounting between the Plaintiffs and the hotel for over a day, one could conclude that there was racial animus behind the call. Regarding the check-in process, a number of Plaintiffs have testified in their Depositions that Plaintiffs were not provided with the V.I.P. Express Check-In that they contracted for, but rather were forced to stand in line, show identification, and sign a waiver for damage, procedures to which numerous Plaintiffs have testified that the Caucasian guests *who were also part of a Getaway tour* were not subjected. According to Plaintiffs' depositions, these same divergent procedures were employed when it was time to check-out of the hotel as well. Plaintiffs also have testified that their group was followed around the entire weekend, and Plaintiff Sheila Goodson testified that employees of the hotel kept knocking on her door and telling her and her guests to keep their voices down. She also testified that her room was called in the middle of the night from the front desk due to a disturbance in her room when she was in fact asleep.

It is not within the purview of the Court to weigh the evidence at the Summary

11

Judgment stage, but only to determine whether or not there are genuine issues of fact for trial. Looking at the evidence in the light most favorable to the Plaintiffs, the Court finds that there are disputed issues of material fact as to Plaintiffs' § 1981 claims, and therefore Hilton Scranton's Summary Judgment Motion as to this Count will be denied.

## **CONCLUSION**

For the reasons stated above, Defendant's Motions for Summary Judgment in the two captioned cases will be granted in part and denied in part. The Motions will be granted for the Defendant as to Count I (Intentional Infliction of Emotional Distress), Count III (§ 1983 claim), and Count IV (42 U.S.C. § 2000a claim), but not as to Count II (42 U.S.C. § 1981 claim). An appropriate order follows.


12/20/10                                                /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                               United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEENA ADMIRAL, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-287 |
| v. | (JUDGE CAPUTO) |
| HILTON SCRANTON & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d\b\a ADVENTURE UNLIMITED, | |
| Defendants, | |
| LIKISHA BRADDY-ROBINSON, et al., | |
| Plaintiffs, | CONSOLIDATED CASE |
| v | CIVIL ACTION NO. 3:08-CV-287 |
| HILTON SCRANTON & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d\b\a ADVENTURE UNLIMITED, | (JUDGE CAPUTO) |
| Defendants | |
| JACKIE DAY, et al., | |
| Plaintiffs, | |
| v. | |
| HILTON SCRANTON & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d\b\a ADVENTURE UNLIMITED, | |
| Defendants | |
| v. | |
| SHEILA GOODSON | |
| Third Party Defendant | |

## ORDER

**NOW**, this  20th  day of December, 2010, **IT IS HEREBY ORDERED** that Defendant Hilton Scranton's Motions for Summary Judgment in the above captioned cases are **GRANTED** in part and **DENIED** in part as follows:

(1) The Motions are granted as to Count I (Intentional Infliction of Emotional Distress), Count III (§ 1983 claim), and Count IV (42 U.S.C. § 2000a claim),

(2) The Motions are denied as to Count II (42 U.S.C. § 1981 claim).

                                            /s/ A. Richard Caputo  
                                            A. Richard Caputo  
                                            United States District Judge